D. Maimon Kirschenbaum
Lucas Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
**LUIS CALLE and CARMELA SCALA, on behalf of themselves and others similarly situated,**

        **Plaintiffs,**

   v.

**10 SOUTH STREET CLUB OPERATOR, INC. and CARLO PROIETTI,**

        **Defendants.**
-----------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant 10 SOUTH STREET CLUB OPERATOR, INC. is a New York corporation that owns and operates Casa Cipriani located at 10 South St, New York, NY 10004.

4. Defendant 10 SOUTH STREET CLUB OPERATOR, INC. has an annual gross volume of sales in excess of $500,000.

5. Defendant Carlo Proietti is the general manager of Casa Cipriani.

6. Plaintiff Luis Calle was employed by Defendants as a server from about May 2024 to January 2025.

7. Plaintiff Carmela Scala was employed by Defendants as a server from 2021 until January 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Casa Cipriani on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay

them proper overtime pay. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

11. Plaintiffs brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants at Casa Cipriani on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number

are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

14. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, of requiring Class members to split tips with tip ineligible employees, and of failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation,

was and is Defendants required to pay Plaintiffs and the Class members for their work.

c)   Whether Defendants required Plaintiffs and the Class members to share tips with tip-ineligible individuals.

d)   Whether Defendants paid Plaintiffs and the Class members the state minimum wage for all hours worked.

e)   Whether Defendants properly compensated Plaintiff and Class members for overtime.

f)   Whether Defendants provide Plaintiffs and the Class members adequate wage notices and wage statements.

g)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class members were required to perform.,

h)   The job duties and responsibilities for all individuals who received compensation via the tips collected by Defendants.

## FACTS

### Wage and Hour Claims

19.   Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

20.   Defendants committed the following alleged acts knowingly, intentionally and willfully.

21.   Defendants knew that nonpayment of minimum wage, nonpayment of overtime, misappropriation of tips would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

22. Plaintiffs worked as servers for Defendants.

23. Throughout their employment, Plaintiffs were required to share tips with ineligible employees.

24. For example, on almost every shift, they were required to share tips with an expeditor whose duties were to review orders and coordinate with the kitchen team to ensure that the correct dishes were prepared for the correct tables.

25. On weekends, Plaintiffs were required to share tips with a silver polisher whose duties were to polish silver and clean glassware.

26. Neither the silver polisher nor the expeditor with whom the Plaintiffs were required to share tips actually interacted with customers. They worked in the kitchen.

27. Plaintiffs were paid the foodservice minimum wage for their hours worked. This is less than the full New York minimum wage. For example, in 2024, Plaintiffs were paid $10.65 per hours rather than the full $16 minimum wage.

28. However, Defendants were not entitled to pay Plaintiffs the foodservice workers minimum wage because they did not give Plaintiffs proper notice of the tip credit. For example, Plaintiffs were not informed in writing that in the event the Plaintiffs' tips did not amount to the tip credit differential, Defendants would be required to supplement their wages up to the minimum.

29. Plaintiffs worked in excess of 40 hours per week and were not paid the appropriate overtime rate for hours in excess of 40.

30. For example, for the period ending 12/15/2024, Plaintiff Scala worked at least 2.92 hours of overtime, as reflected on her paystub, and was paid $15.975 for overtime. However, even if Defendants were entitled to pay Plaintiffs the foodservice workers minimum wage, the legal overtime rate would have been $18.65.

31. Defendants did not give Plaintiffs legally sufficient Notices and Acknowledgements of Pay Rate and Pay Day forms at the beginning of their employment. As a result, Plaintiffs were unable to advocate for their rights immediately. Specifically, the wage notices Defendants gave Plaintiffs listed the incorrect and illegal overtime rate of $15.98. Thus, Plaintiffs did not know that they were entitled to be paid a higher overtime rate. Had Plaintiffs had the correct information, they would have sought their unpaid wages sooner.

32. Defendants failed to provide accurate wage statements to Plaintiffs. Among other things, the wage statements provided by Defendants did not contain their accurate overtime rates.

33. Had their wage statements contained their accurate overtime rates, they would almost certainly have been paid the correct rates.

34. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

### Individual Claims

35. In January 2025, Plaintiff Calle approached the expeditor charged with distributing the tip pool and asked to see how the tips were being distributed. Plaintiff expressed his belief that tips were being stolen by the establishment and that it was illegal for the restaurant to hide from its employees how tips were being distributed. The expeditor went to speak with Defendant Proietti. Upon his return, the expeditor informed Plaintiff Calle that Defendant Proietti tinsisted that he distribute the tips and that servers cannot see how the tips were being distributed.

36. On January 21, 2025 Plaintiff Calle expressed to coworkers on a Whatsapp chat his belief that Defendants were stealing tips.

37. Almost immediately, Plaintiff Calle was terminated and removed from the weekly schedule.

38. Around this same time, Plaintiff Scala noticed a manager, Irina Popova, trying to cancel a very large tip left by customer that Plaintiff Scala.  Plaintiff Scala reported the incident to Human Resources

39. Shortly thereafter, Defendant Proietti confronted Plaintiff Scala and stated that he believed that Plaintiff was conspiring with Plaintiff Calle to bring a class action against the establishment.

40. Several days later Defendant Proietti terminated Plaintiff Scala.  He claimed the termination was for vaping in the restaurant.  This was plainly false as servers regularly vape in the restaurant without incident, and Plaintiff had never been disciplined for any infractions during her long tenure with the restaurant.

41. The timing of Plaintiffs' terminations and the Defendants' stated retaliatory animus make clear that Plaintiffs were terminated for opposing wage theft.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

42. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

43. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

44. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully

9

failing and refusing to pay the Class members the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

46. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*  
Brought by Plaintiffs on Behalf of Themselves and the Class)**

47. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for every hour worked.

49. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,  
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4  
Brought by Plaintiffs on Behalf of Themselves and the Class)**

50. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

51. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

53. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

54. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

55. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class Members.

56. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(New York Wage Notice and Statement Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

57. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

58. Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

59. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including penalties pursuant to N.Y. Lab. Law § 198 and costs and attorneys' fees.

**SIXTH CLAIM FOR RELEIF**
**(NYLL Retaliation, N.Y. Lab. L. § 215**
**Brought by Plaintiffs Individually)**

60. Plaintiffs incorporate and realleges each preceding paragraph as though set forth in full herein.

61. Defendants willfully and unlawfully retaliated against Plaintiffs because they opposed wage theft.

62. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

63. Defendants' conduct violated the New York Labor Law § 215.

64. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(New York Labor Law ("NYLL") § 740 – Retaliation**
**Brought by Plaintiffs Individually)**

65. Plaintiffs reallege and incorporates by reference all preceding paragraphs as if they were set forth again herein.

66. In violation of the NYLL, Defendant intentionally retaliated against Plaintifs because they opposed wage theft.

67. Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

68. As a result of Defendant's conduct as alleged in this Complaint, Plaintiffs have suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, lasting embarrassment, and humiliation.

70. Plaintiffs seek all legal and equitable remedies available for violations of the NYLL including compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, penalties, and punitive damages , to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 6, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Lucas Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.